NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:    14a0449n.06

No. 12-2319

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

MONEY FOR LAWSUITS V LP, et al.,                )
                                                )
          Plaintiffs-Appellees,                 )
                                                )
v.                                              )
                                                )
TAMMY ROWE, et al.,                             )
                                                )
          Defendants-Appellants.                )
                                                )
                                                )

FILED
Jun 19, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:   DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

PER CURIAM. MoneyForLawsuits V LP, doing business as MFL CaseFunding, and Guardian Advisors LP II, doing business as MFL Case-Funding (collectively, CaseFunding), are engaged in the business of investing in lawsuits by purchasing a contingent right to receive a portion of a plaintiff's settlement or judgment proceeds.   CaseFunding invested in a class-action lawsuit that the defendants in this action — Tammy Rowe, also known as Tammy Lacross; Carrie Flemion; Lura L. Gipson; Roxanne Lofton; Delores Madison; Wendy Garagiola; Pamela Moffit; and Vivian Arousell — brought against the Michigan Department of Corrections by entering into "contingent proceeds purchase agreements," through which the defendants assigned to CaseFunding their rights to potential proceeds from their lawsuit.   The class action settled for $100 million, but the class members who had contracted with CaseFunding refused to pay in accordance with the parties' agreement.   CaseFunding filed suit for breach of contract in federal district court and successfully pursued a motion for summary judgment.   The defendants now appeal that ruling, and defendant Rowe also appeals the district court's entry of default judgment against her.

The defendants' arguments are unavailing. They contend, first, that the district court should have applied Michigan law instead of New York law, in spite of the agreement in the contract that New York law would control. After making the appropriate analysis, the district court applied New York law, finding that it was not in conflict with fundamental Michigan public policy and that Michigan did not have a materially greater interest in the outcome of this case than did New York. *See Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 528 N.W.2d 698, 703-04 (Mich. 1995). Because New York law controlled, we need not address the defendants' argument that the contracts were void as usurious under Michigan law. Thus, for the reasons given by the district judge, we affirm the grant of summary judgment to CaseFunding.

We also affirm the district court's entry of default judgment against Rowe for failure to defend. In denying Rowe's motion to set aside the default judgment, the district court recognized that the Federal Rules of Civil Procedure permit a court to set aside a default judgment under the limited circumstances set out in Rule 60(b). In this case, only the first — permitting relief when there has been "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1) — is relevant. But, Rowe made no attempt to make the required showing under Rule 60(b)(1) in the district court, nor has she done so on appeal. Although Rowe offers various justifications for setting aside the default judgment, "factors such as whether a defendant has a meritorious defense and prejudice to the plaintiff" are not relevant under Rule 60(b)(1) unless the party first demonstrates excusable neglect, mistake, surprise, or inadvertence. *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002). Rowe has failed to do so.

The magistrate judge's report ably set out the facts and relevant legal principles at length and recommended that judgment should be entered in favor of the plaintiffs. After ruling on the

defendants' objections to the report and recommendation, the district court adopted it.   Having studied the briefs and the record on appeal, we conclude that the issuance of another detailed opinion by this court would be duplicative and would serve no useful purpose.   Accordingly, we AFFIRM the judgment of the district court based upon the reasoning set out by that court in its opinion and order dated March 29, 2012, as well as the supplemental orders of judgment dated March 16, April 16, and August 20, 2012.